## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**CASE NO:** 6:12-cv-170-Orl-18DAB

AMERICAN CASUALTY COMPANY OF )
READING, PENNSYLVANIA )
)
    Plaintiff, )
)
)
)
    v. )
)
AMERICARE SCHOOL OF NURSING, a )
Florida Corporation, GERALD NEWMAN, )
ADEWAL ADEOLA, EDWICH DELHOMME, )
ROBERT RIVERA, STEPHEN JACKSON, )
LISA BRYANT, WILLIAM MAYS, )
NIGEL WATTS, NANCY PAYNE, )
ANGEL BECHARD, SUSAN HARPER, )
CHAU NGUYEN, DEREK YOUNG, )
ROBERT DIEZ, MIKE HILL, )
BRITTANY PARRINELLO, MICHELLE GRAY, )
AYESHA CHAMPION, KIMBERLY ENGLIN, )
ERIN HENTHORN, CELIA ALEXIS and )
OSCAR MOORE, )
)
    Defendants. )

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, American Casualty Company of Reading, Pennsylvania (hereinafter referred to as "American Casualty"), by and through its counsel, files this Complaint for Declaratory Judgment against Defendants, Americare School Of Nursing, ("Americare") a Florida Corporation, Gerald Newman ("Newman") and Adewal Adeola, Edwich Delhomme, Robert Rivera, Stephen Jackson, Lisa Bryant, William Mays, Nigel Watts, Nancy Payne, Angel Bechard, Susan Harper, Chau Nguyen, Derek Young, Robert Diez,

Mike Hill, Brittany Parrinello, Michelle Gray, Ayesha Champion, Kimberly Englin, Erin Henthorn, Celia Alexis and Oscar Moore (hereinafter collectively referred to as "the Underlying Plaintiffs") and alleges as follows:

## NATURE OF ACTION

1.     This is an insurance coverage action seeking declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure. American Casualty seeks a determination of the parties' rights and obligations under Tailored Commercial Packaged insurance policies issued by American Casualty to Americare School of Nursing, Inc. (hereinafter referred to as "Americare") in connection with a lawsuit filed against it and Gerald Newman ("Newman") by the Underlying Plaintiffs.

2.     An actual controversy within the meaning of 28 U.S.C. §2201 has arisen and now exists between Plaintiff American Casualty and Defendants concerning whether American Casualty has a duty to defend and indemnify Americare and Newman against the lawsuit styled *Adewal Adeola v. Americare School of Nursing, et al.*, In the Circuit Court of the 18th Judicial Circuit In and For Seminole County, Florida, Civil Action No. 10-CA-606 (hereinafter referred to as the "Underlying Complaint")

3.     American Casualty seeks a declaration that it owes no duty to defend and indemnify Defendants under the policies of liability insurance issued by American Casualty in connection with the claims and alleged damages that are the subject of the Underlying Complaint.

4.     The adverse parties are all before the court by proper process.

2

## PARTIES

5    At the time of commencement of the action, Plaintiff American Casualty was and is an insurance company organized and existing under the laws of Pennsylvania with its principal place of business located in Chicago, Illinois.

6.    At the time of commencement of the action, Defendant Americare was organized and existing under the laws of Florida with its principal place of business located in Seminole County, Florida.

7.    At the time of commencement of the action, on information and belief, defendant Gerald Newman is and was an individual residing in Orange County, Florida.

8.    At the time of commencement of the action, on information and belief, the Underlying Plaintiffs are individuals residing in Florida.

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), because there is complete diversity of citizenship among the parties and the amount in controversy, exclusive of fees and costs, is in excess of seventy-five thousand dollars ($75,000.00).

10.    This action is brought pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act, which provides for this Court to adjudicate a party's rights and other legal relations in an actual controversy.

11.    Venue is proper in this Court pursuant 28 U.S.C. § 1391 (a) and (c), because Defendants reside in Florida and issues that are the subject of Underlying

3

Plaintiffs' claims against Americare and Newman took place in Seminole County, Florida, within the Middle District of Florida.

## THE UNDERLYING COMPLAINT

12.   On or about January 26, 2011, the Underlying Plaintiffs filed their Underlying Complaint for negligent misrepresentation, unjust enrichment, negligence and breach of fiduciary duty. The Underlying Plaintiffs claim that they became students at the Americare School in Seminole County, Florida during the years 2005-2006. A true and accurate copy of the Underlying Complaint is attached hereto as **Exhibit A**.

13.   In the Underlying Complaint, the Underlying Plaintiffs allege, *inter alia*, that Americare misrepresented the status of its certification by the Joint Review Committee on Education in Radiologic Technology ("JRCERT"). The Underlying Plaintiffs allege that Newman knew that Americare was registering students for Americare's Radiologic Technology program without the required JRCERT certification. *See,* Exhibit, A, ¶¶ 6-14, 16.

14.   In the Underlying Complaint, the Underlying Plaintiffs allege that Newman was unjustly enriched because in late, 2006, Newman entered negotiations with a purchaser to sell the Americare School and that Newman failed to adequately disclose to the purchaser the fact that the Americare School was not certified by JRCERT. *See,* Exhibit, A, ¶ ¶30-33.

15.   The Underlying Plaintiffs alleged that Americare accepted tuition payments from them of approximately $22,000 to $25,000 each. The Underlying Plaintiffs seek damages in the form of lost tuition and lost earnings during the time they

4

were enrolled in the program and could not work, damage to their credit as a result of the loans taken out to pay for tuition, lost earning capacity as a result of their inability to work as radiologic technicians. The Underlying Plaintiffs also allege that it would be inequitable for Newman to retain the monies received from the sale of Americare and plaintiffs allegedly suffered other "damages" as a result of Americare's and Newman's breach of fiduciary duty and negligence. *See,* Exhibit, A, ¶¶17, 33.

16.    On or about February 24, 2011, Americare and Newman notified American Casualty of the Underlying Complaint.

17.    On or about March 1, 2011, Americare and Newman provided American Casualty with a copy of the Underlying Complaint.

18.    On or about January 24, 2012, American Casualty agreed to defend Americare and Newman against the Underlying Complaint under a full reservation of rights. **Exhibit B.**

19.    On or about January 27, 2012, counsel for Americare and Newman rejected American Casualty's offer to defend it against the Underlying Complaint under a reservation of rights and advised that Americare and Newman had settled the claims in the Underlying Complaint. **Exhibit C.**

### THE AMERICAN CASUALTY POLICIES

20.    Plaintiff, American Casualty issued Tailored Commercial Plus Package, policy number G 106818333, to Americare School of Nursing, Inc. for the March 3, 2005 through March 3, 2006 and March 3, 2006 through March 3, 2007 policy periods (hereinafter referred to as the "American Casualty Policies"). True and correct copies of

the American Casualty Policies are attached as **Exhibits D and E** and are incorporated by reference herein.

21. The insuring agreement for Coverage A – Bodily Injury and Property Damage of the American Casualty Policies, as set forth in the Known or Continuing Injury endorsement, provides, in relevant part, as follows:

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. ...

\* \* \*

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

(3) With respect to "bodily injury" or "property damage" that continues, changes or resumes so as to occur during more than one policy period, both the following conditions are met:

(i) Prior to the policy period, no Authorized Insured knew that the "bodily injury" or "property damage" had occurred, in whole or in part; and

(ii) During the policy period, an Authorized Insured first knew that the "bodily injury" or "property damage" had occurred, in whole or in part.

22. "Occurrence," "bodily injury" and "property damage" are defined in the American Casualty Policies as follows:

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

"Bodily injury" means bodily injury, sickness or disease sustained by a person, including death, humiliation, shock, mental anguish or mental injury by that person at any time which results as a consequence of the bodily injury, sickness or disease.

"Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

23.    The insuring agreement for Coverage B – Personal and Advertising Injury

Liability - of the American Casualty Policies provides, in relevant part, as follows:

**1.        Insuring Agreement**

**a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. …

24.    The American Casualty Policies define "Personal and advertising injury"

as follows:

"Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

a.   False arrest, detention or imprisonment;
b.   Malicious prosecution;

7

c.  The wrongful eviction from, wrongful entry into or invasion of the right of private occupancy…

d.  Oral or written publication in any manner, of material that slander or libels a person …

e.  Oral or written publication, in any manner, of material that violates a person's right of privacy;

f.  The use of another's advertising idea in your "advertisement;" or

g.  Infringing upon another's copyright, trade dress or slogan in your "advertisement";

h.  Discrimination or humiliation that results in injury to the feelings or reputation of a natural person, but only if such discrimination or humiliation is:

> (1) Not done intentionally by or at the direction of:
>> (a) The insured; or
>> (b) Any "executive officer," director, stockholder, partner, member or manager (if you are a limited liability company) of the insured; and
>
> (2) Not directly or indirectly related to the employment, prospective employment, past employment or termination of employment of any person or persons by any insured

25. Coverage B – Personal and Advertising Injury Liability - of the American Casualty Policies contains a Quality of Performance of Goods – Failure to Conform to Statements Exclusion, which provides as follows:

This insurance does not apply to:

g. Quality of Performance of Goods – Failure to Conform to Statements

"Personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement."

26.    The Designated Professional Services exclusion in the American Casualty Policies provides, in relevant part, as follows:

8

With respect to any professional services shown in the Schedule, the following exclusion is added to Paragraph 2., Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability and Paragraph 2., Exclusions of Section I – Coverage B – Personal and Advertising Injury Liability:

This insurance does not apply to "bodily injury," "property damage," or "personal and advertising injury" due to the rendering of or failure to render any professional service.

The schedule in the endorsement refers to professional services "usual to a nursing school."

## COUNT I - DECLARATORY JUDGMENT

27.    Plaintiff incorporates by this reference Paragraphs 1 through 23 as if fully set forth herein.

28.    Based upon the allegations in the Underlying Complaint and/or the facts in the underlying lawsuit, the American Casualty Policies do not provide coverage or exclude coverage for the claims against Americare and Newman.

29.    American Casualty has no duty to defend and indemnify Americare and Newman for the claims alleged by the Underlying Plaintiffs in the Underlying Lawsuit.

30.    American Casualty has no duty to defend and indemnify Americare and Newman for the claims and damages alleged in the Underlying Complaint because coverage under the American Casualty Policies is provided only for damages because of "bodily injury" or "property damage" caused by an "occurrence" during the applicable policy period.

31.    None of the damages sought in the Underlying Complaint are "bodily injury" as defined in the American Casualty Policies.

32. None of the damages sought in the Underlying Complaint are "property damage" as defined in the American Casualty Policies.

33. None of the damages sought in the Underlying Complaint were caused by an "occurrence" as defined in the American Casualty Policies.

34. Some or all of the damages sought in the Underlying Complaint were known by Americare and / or Newman to have occurred prior to the inception of one or more of the American Casualty Polices, and known damages or losses are not covered by the applicable American Casualty Policies. The known loss and/or loss in progress provisions of the American Casualty Policies as set forth in the Amendment of Insuring Agreement – Known or Continuing Injury or Damage preclude coverage for such damages.

35. American Casualty has no duty to defend and/or indemnify Americare and Newman for the claims and damages alleged in the Underlying Complaint because coverage under the American Casualty Policies is provided only for damages because of "personal and advertising injury" during the applicable policy period.

36. None of the damages sought in the Underlying Complaint are "personal and advertising injury" as defined in the American Casualty Policies.

37. Some or all of the damages sought in the Underlying Complaint arise out of the failure of goods, products or services to conform with any statement of quality or performance made in an "advertisement" by Americare or Newman. Exclusion g. of Coverage B – Personal and Advertising Injury Liability - in the American Casualty Policies precludes coverage of such damages.

38.    Some or all of the damages sought in the Underlying Complaint are due to the rendering or failure to render any professional services. The Designated Professional Liability Exclusion contained  in the American Casualty Policies precludes coverage of such damages.

39.    Some or all of the damages sought in the Underlying Complaint arose out of continuing damage that occurred prior to the inception of the American Casualty Policies, and the exclusions for continuing damage in the American Casualty Policies preclude coverage for such damages.

40.    Based upon the clear and unambiguous language of the American Casualty Policies, American Casualty has no duty to defend and indemnify Americare or Newman for any and all of the claims and damages asserted in the Underlying Complaint.

**WHEREFORE**, American Casualty requests entry of a declaratory judgment in its favor and against the Defendants, finding and declaring that American Casualty has no duty to defend and/or indemnify Americare and Newman for any and all claims asserted against them in the Underlying Complaint described herein, together with any costs and any further relief this court deems just and proper.

11

Dated:  February 1, 2012.

Respectfully submitted,

COLLIAU ELENIUS MURPHY KEENER
CARLUCCIO & MORROW

By: _____

Lisa A. Pach, Esq.
Florida Bar No. 0065002
COLLIAU ELENIUS MURPHY KEENER
CARLUCCIO & MORROW
4631 Woodland Corp. Blvd.
Suite 315
Tampa, FL 33614
Telephone:  (813) 880-5175
Fax:  (312) 260-6859
E-mail: Lisa.Pach@cna.com

**Trial Counsel for Plaintiff, American
Casualty Company of Reading,
Pennsylvania**